No. 03-624

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 149N

IN RE MARRIAGE OF:

WILMA MARY CROWDER,

Petitioner and Respondent,

and

BENJAMIN PAUL CROWDER,

Respondent and Appellant.

APPEAL FROM: District Court of the Seventeenth Judicial District,
In and for the County of Phillips, Cause No. DR-02-049,
The Honorable David Cybulski, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Phillip J. DeFelice, Attorney at Law, Malta, Montana

For Respondent:

Peter L. Helland, Helland Law Firm, PLLC, Glasgow, Montana

Submitted on Briefs: December 30, 2003

Decided: June 8, 2004

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1      Pursuant to Section 1, paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent.  The decision shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2      Mr. Crowder appeals the Findings of Fact, Conclusions of Law, and Decree of Dissolution, entered in the Seventeenth Judicial District Court, Phillips County, which divided marital property and ordered him to pay $500 per month maintenance to Mrs. Crowder.  Mr. Crowder seeks a new trial on grounds that the District Court abused its discretion by not considering all of the factors listed in § 40-4-202, MCA, and § 40-4-203, MCA.  The issues on appeal are as follows:

¶3      1) Whether the District Court's division of property was supported by substantial evidence.

¶4      2) Whether the District Court's award of maintenance was supported by substantial evidence.

¶5      We review a district court's division of marital property to determine whether the findings on which it relied are clearly erroneous.  If the findings are not clearly erroneous, we will affirm the distribution of property unless the district court abused its discretion. *Marriage of Engen*, 1998 MT 153, ¶ 26, 289 Mont. 299, ¶ 26, 961 P.2d 738, ¶ 26.

¶6      Mr. and Mrs. Crowder were married in October 1981, and separated in July 2002. Mrs. Crowder was sixty years old and suffering from lupus and a back condition at the time

2

of trial. Mrs. Crowder earns $100 per month selling Avon products, and was previously employed in the kitchen at the Good Samaritan Retirement Home until her back condition prohibited her continued employment.

¶7     Mr. Crowder was sixty-one years of age at the time of trial. He suffers from several physical ailments. The most serious is Wegener's granulomatosus which affects his lungs and kidneys. The disease is currently in remission. Mr. Crowder was partner in an auto business called Delta Ford, and owned Crowder's Auto in Malta. However, Delta Ford ran into financial difficulties and a judgment was entered against Mr. Crowder and his partner for over $480,000 in July 2002. In November 2002, Mr. Crowder was forced to close Crowder's Auto because he could not secure enough financing to make it profitable. Thus, neither party is currently working, and both are looking forward to taking early social security retirements.

¶8     Excluding the Delta Ford judgment debt which Mr. Crowder testified he would take responsibility for, during the course of the marriage the parties accumulated liabilities of $114,480.42, and assets of $134,910. The parties stipulated that Mrs. Crowder would assume $9,414.42 of credit card debt, Mr. Crowder $50,066 of the remaining marital debt, and that they would amicably divide most of the personal property. Distribution of two parcels of real estate and two vehicles was disputed. The marital home in Malta, in which Mrs. Crowder was living, was valued at $68,000 but was encumbered by a $52,000 mortgage. Mr. Crowder resided on a second, unencumbered parcel, the Zortman property, which consists of about two acres, a shed, and a large Jayco trailer, and was valued at $31,000. A 1992 Ford pick-up was unencumbered, and $3000 was owed on a 1994 Ford

3

Taurus. The dispute arose because both parties wanted to be awarded the unencumbered Zortman property, and have the other take the Malta house along with its accompanying mortgage.

¶9 The District Court stated that it considered all the criteria of § 40-4-202, MCA, and especially "the age, health, station, employability, and particularly amount and sources of income for Husband and Wife in the form of Social Security Retirement Benefits, from which Husband's benefit will be substantially greater than Wife's . . . ." The court awarded Mrs. Crowder the unencumbered Zortman property and the Ford Taurus. It awarded Mr. Crowder the encumbered Malta house and the Ford pick-up, and transferred the $3000 debt from the Taurus to the pick-up. The remainder of the property was divided essentially along the lines agreed to by the parties. Given that the marital estate is insolvent, considering the agreement of the parties, and considering the relative earning potential between the parties, we conclude the District Court did not abuse its discretion in distributing the marital estate.

¶10 We review a district court's award of maintenance to determine whether the court's findings are clearly erroneous. *In re Marriage of Grende*, 2004 MT 36, ¶ 37, 320 Mont. 38, ¶ 37, 85 P.3d 788, ¶ 37. Maintenance may be awarded after the marital property has been equitably divided and after the court has properly considered the criteria of § 40-4-203, MCA. *Grende*, ¶ 37.

¶11 Mr. Crowder argues that the District Court could not possibly have considered § 40-4-203(f), MCA, which requires the court to consider the needs of the person from whom maintenance is sought, because no evidence was presented of Mr. Crowder's living expenses. Mr. Crowder states that "[The court] should have also asked for testimony relating to

4

expenses and needs of both parties." This argument is contrary to § 26-1-401, MCA, which states that "the initial burden of producing evidence as to a particular fact is on the party who would be defeated if no evidence were given on either side." It was Mr. Crowder's burden to present evidence of his living expenses, not the court's. It is not a lack of specific findings that constitutes reversible error, rather it is lack of substantial evidence to support a district court's findings, *In re Marriage of Gerhart* (1990), 245 Mont. 279, 282, 800 P.2d 698, 700, and provided the evidence presented was sufficient to support a maintenance award, we will not hold a district court in error for failing to consider evidence that was never presented. *Grende*, ¶ 29.

¶12 The court was cognizant that the Crowders' marriage was insolvent. The court heard testimony from Mrs. Crowder on her current income, her future income prospects, and her living expenses. She testified that she would likely need to file bankruptcy to eliminate whatever debt the court assigned to her because she could not make any payments to anyone with her $100 per month income. Mr. Crowder testified as to his current income and his future income prospects. As noted, he presented no evidence as to his living expenses other than that he pays $600 per month for medications. The court considered the disparity in income and income potential between the parties. It considered the testimony that Mr. Crowder has been paying approximately $700 per month to cover Mrs. Crowder's living expenses since the time of separation. Mr. Crowder testified that he was hoping for a recovery in a civil suit against his former partner in Delta Ford. He was hopeful that a recovery would pay off his portion of the Delta Ford judgment. In the absence of a recovery, the court believed that Mr. Crowder would not be able to service his debt and would be

5

forced to file bankruptcy. In either scenario, Mr. Crowder has a way of eliminating his liabilities. The court then considered that Mr. Crowder's social security income would be anywhere from $800-$1050 more than Mrs. Crowder's.

¶13 While a district court must consider all the factors listed in § 40-4-203, MCA, in making a maintenance determination, it does not have to make specific findings as to each. *Grende*, ¶ 38. It is enough if this Court can determine that each factor was considered. *Grende*, ¶ 38. Our review of the record indicates that the District Court did properly consider the § 40-4-203, MCA, criteria. We conclude that the District Court did not err in awarding maintenance of $500 per month to Mrs. Crowder.

¶14 Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ PATRICIA O. COTTER
/S/ JIM REGNIER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE

6